(17 App. Div. 430.)

### In re HATFIELD.

(Supreme Court, Appellate Division, First Department. May 7, 1897.)

1. SUPPLEMENTARY PROCEEDINGS—IRREGULARITIES—VALIDITY OF ORDER.
    An order for the examination of a judgment debtor is not void merely because the judgment was not entered on the day stated in the moving affidavit.

2. CIVIL CONTEMPT—AMOUNT OF FINE.
    Under Code Civ. Proc. § 2284, providing that a fine for a civil contempt may be imposed not exceeding the amount of complainant's costs and expenses, and $250 in addition thereto, the court may fine the party the amount of the judgment against him where it does not exceed $250.

Appeal from special term, New York county.

Examination of Stanley M. Hatfield, a judgment debtor, in supplementary proceedings. From an order adjudging the judgment debtor in contempt, and fining him the amount of the judgment, he appeals. Affirmed.

Argued before WILLIAMS, PATTERSON, O'BRIEN, INGRAHAM, and PARKER, JJ.

Henry Cooper, for appellant.
Gilbert R. Hawes, for respondent.

INGRAHAM, J. On the 2d of January, 1897, upon an affidavit setting up the jurisdictional facts required by the Code, one of the justices of the supreme court granted an order requiring the defendant (the judgment debtor) to appear before a referee at a time and place therein named, and to make a discovery on oath concerning his property. That order was duly served upon the judgment debtor, and he saw fit to refuse to appear. Upon a motion to commit him for contempt he again deliberately and intentionally refused to appear, submitting, however, by his counsel, the objection that the order was void, because the judgment recited in the affidavit upon which the order was granted was not entered upon the day named in the affidavit. The court below quite correctly refused to consider that objection. The justice granting the order requiring the defendant to appear and submit to an examination had jurisdiction to make the order. The affidavit presented recited facts to justify the granting of the order, and a mere variation in the date of the entry of a judgment was hardly such an

irregularity as to justify the vacation of the order; certainly not such a defect as made the order void.

The cases cited by counsel for the appellant are all special term cases, and do not apply. None of them are in point, for in the cases cited it appeared that there was no valid judgment against the parties required to appear for examination, while in this case the only mistake is that the date of the entry of the judgment in the district court is incorrectly stated. A deliberate and willful disobedience of an order of a court or judge is a somewhat serious matter, and the due and orderly administration of justice requires that where a party assumes willfully to violate an order, relying upon its supposed invalidity, he should not be relieved from substantial punishment in case his contention is unfounded. Upon the return of the order to show cause why the defendant should not be punished for contempt, he did not appear personally, and submit an affidavit, which tended in the slightest degree to excuse his willful violation of this order. He made no sworn statement that he was advised that the order was void, or that he had no intention of violating it. Individuals of this kind must be made to understand that an order of a court or judge is not to be disobeyed with impunity.

The remaining question relates to the amount of the fine. By section 2284 of the Code it is provided that, where it is not shown that any actual loss or injury has been produced by the contempt, a fine must be imposed by the court, not exceeding the amount of the complainant's costs and expenses, and $250 in addition thereto; and must be collected and paid in like manner,—that is, to the aggrieved party, under the direction of the court. Under this section of the Code, the court had the power to impose a fine of $184.16, and under the circumstances we do not think it was excessive.

The order appealed from is affirmed, with $10 costs and disbursements. All concur.