### EAST RIVER BANK v. DE LACY et al.

### APPEAL OF SMITH.

#### (Supreme Court, Appellate Term. March, 1902.)

EXECUTIONS—SUPPLEMENTARY PROCEEDINGS—EXAMINATION OF DEBTOR—QUESTIONS—FAILURE TO ANSWER—PUNISHMENT—DIRECTION OF JUDGE—NECESSITY.

Code Civ. Proc. § 2457, provides that a person who fails to obey an order of a judge or referee duly served on him, or an oral direction given directly to him by a judge or referee in the course of a special proceeding, may be punished for a contempt. A judgment debtor, after being sworn in supplementary proceedings, was examined by the attorney for the judgment creditor, no judge or referee being present. After several adjournments of the examination the debtor objected to any further adjournment, and the parties went before the judge, when the attorney for the creditor objected generally that the debtor refused to answer questions, and the judge instructed him that all questions must be answered. The debtor swore that thereafter he answered all questions, and the record showed no objection to the answers made, and no complaint to a judge of a refusal to answer, or as to the nature of any answer. After the examination was closed the judgment creditor caused the debtor to be attached for contempt for refusing to answer questions and for giving false answers, but did not specify any questions or answers. Held that, in the absence of any showing that the debtor was directed by the judge to answer any specific question, an order adjudging the debtor in contempt was improper.

Appeal from city court of New York, general term.

Action by the East River Bank against Thomas R. De Lacy and Isaac L. Smith. From an order of the general term of the city

court of the city of New York (74 N. Y. Supp. 925) modifying an order in supplementary proceedings adjudging defendant Smith guilty of contempt, he appeals. Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and GREENBAUM, JJ.

Leslie & Minor (Charles Goldzier, of counsel), for appellant.
Morgan & Mitchell, for respondent.

FREEDMAN, P. J. Upon a motion made by the judgment creditor herein the appellant (Smith) was adjudged guilty of contempt of court by the special term thereof, for the reason, as stated in its order, that he "had refused to properly answer questions put to him by counsel for the plaintiff, judgment creditor," in proceedings supplementary to execution; and a fine of $453.76 was imposed, and the appellant was ordered to stand committed until such fine was paid. The general term subsequently, upon appeal, modified that order by reducing the amount of the fine to $250 and $30 costs.

The material facts are undisputed, and are as follows: An order for the examination of the appellant herein as a judgment debtor was obtained, and he duly appeared in person, but without attorney, for examination, upon May 29, 1901. After being sworn by the justice presiding at special term of the city court, the debtor and the attorney for the plaintiff proceeded to an adjoining room, and the debtor submitted to an examination. Numerous questions were put to and answered by him, and an adjournment taken until June 4, 1901. The debtor again appeared, and was again examined at considerable length; and subsequent examinations were had, pursuant to adjournments, upon the 13th, 20th, 22d, and 27th days of June, 1901. Upon the last-named day the examination of the debtor was closed, and the proceeding adjourned until June 29th, for the purpose of enabling Smith to swear to his testimony. On June 29th Smith appeared before the special term judge, swore to his testimony, and the following entry was made upon the record: "Testimony of Isaac L. Smith closed, and the proceedings adjourned, for the purpose of examining other witnesses, until July 15, 1901. F. B. D., J. C. C." None of these several examinations were taken before a referee, or in the physical presence of the court or any judge thereof; and up to the time the examination of Smith was closed, so far as is shown by the record, no criticism had been made by the plaintiff's attorney as to the way or manner in which the questions put to Smith had been answered, except that Smith swears that at one time, during the pendency of the proceedings, and after several adjournments had been had upon the application of the plaintiff's attorney, and upon his (Smith's) refusal to consent to any further postponements, the parties appeared before Mr. Justice Schuchman, and upon plaintiff's attorney complaining, in a general way, that the debtor had refused to answer questions (not stating any specific ones), the justice instructed the debtor that he must answer any question put to him touching his property; and he further testified that thereafter he did so answer all questions asked of him, and apparently to the sat-

isfaction of the plaintiff's attorney. A careful reading of the testimony taken at the several hearings does not show that the plaintiff's attorney at any time during the taking of the testimony in any way criticised or objected to the answers made to his questions; and certainly at no time during such examination did he call the attention of the judge to any particular question, or make any claim that any question was improperly, insufficiently, or evasively answered, nor complain of any refusal to answer any question, except as before stated. Upon the 8th day of July, 1901, the attorney for the plaintiff made his affidavit, in which he swore, among other things, that the debtor had willfully, and with intent, etc., "refused to answer certain proper questions put to him by deponent," etc., and did "make false answers to certain questions put to him," etc. No specific questions or answers are referred to or mentioned in such affidavit, and, so far as appears by any statement therein contained, the affiant may have intended to include every question asked by him and every answer made thereto by the debtor. An order to show cause thereon was granted, and subsequently such further proceedings were had as resulted in the imposition of the fine as before stated.

Under the facts and circumstances disclosed, it is clear that the special term exceeded its powers in adjudging the judgment debtor guilty of contempt. The section of the Code of Civil Procedure (2457) classifying contempts in supplementary proceedings reads as follows:

"A person who refuses, or without sufficient excuse neglects, to obey an order of a judge or referee, made pursuant to the last two sections [neither of which sections apply to the case at bar], or to any other provision of this article, and duly served upon him, or an oral direction, given directly to him by a judge or referee, in the course of the special proceeding; or to attend before a judge or referee, according to the command of a subpœna, duly served upon him; may be punished," etc.

No oral direction of any kind was given by the judge in the case at bar, as contemplated by that section, and the most that can be urged is that the judge at one time gave some instructions in a general way to the debtor, to the effect that he must answer every question put to him touching his property. As to what were the commands or directions, if any, contained in the order for the debtor's examination, even if those were material, we have no means of knowing, as that order was not made a part of the moving papers, and is not in the record before us upon this appeal. The entire record is barren of anything showing or tending to show a disobedience of any order of the court or judge. In the case of Fobes v. Meeker, 3 Edw. Ch. 452, it was held that the master should express his opinion upon the propriety of the questions objected to, and require the debtor to answer such of them as were proper, before the creditor could move for an attachment, and that it was error to so move when it did not appear that the master had decided upon the question, and required it to be answered. To the same effect is the case of Burnett v. Phalon, 11 Abb. Prac. 162. In the case cited by the respondent there was a referee before whom the judgment debtor appeared for examination, and, upon the refusal of the debtor to an-

76 N.Y.S.—59

swer questions which he was directed to answer by the referee, he was punished for contempt. The order in the case at bar is unauthorized, and must be reversed.

Order reversed, with costs. All concur.