(101 App. Div. 492.)

### RUPERT v. LEE.

(Supreme Court, Appellate Division, First Department. February 17, 1905.)

1. PROCEEDINGS SUPPLEMENTARY TO EXECUTION—CONTEMPT—APPEALABLE ORDERS.

An order granting a motion to punish a judgment debtor as for a contempt in failing to obey an order to appear for disclosure in proceedings supplementary to execution, unless such debtor should appear and submit to examination at a certain time, is appealable.

2. SAME—ORDER FOR EXAMINATION—IRREGULARITIES—MOTION TO SET ASIDE OR VACATE—PRACTICE.

Where, as an excuse for noncompliance with an order for examination in proceedings supplementary to execution, irregularities in such order, rendering the same voidable, are relied on by a judgment debtor, he must appear and move to set aside the order.

Appeal from Special Term, Fulton County.

Proceedings supplementary to execution by William H. Rupert against Ella G. Lee, an alleged judgment debtor. From an order

granting plaintiff's. motion to punish defendant as for a contempt unless she appear and submit to examination, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Robert L. Stanton, for appellant.

H. D. Wright, for respondent.

O'BRIEN, J. An order for the examination of the judgment debtor in proceedings supplementary was returnable on November 5, 1904, but on that day she failed to appear. Thereafter, on the 7th of November, an order to show cause why she should not be punished for her alleged misconduct in disobeying the order, returnable November 11th, was granted. On the latter date the attorney for defendant appeared specially, and urged certain preliminary objections, which were overruled, and then, in opposition to a motion to punish her as for a contempt, urged reasons why the motion should be denied and the order for her examination vacated. These latter were overruled, and an order was entered which in terms provided that the motion to punish her as for a contempt "is granted unless she appears and submits to examination herein * * * on the 23d day of November, 1904, * * * in which case said motion to punish her as for a contempt is denied." It is from this last order that the judgment debtor appeals.

It will be noticed that this is not a final order, and the only serious question before us is whether such an order is appealable. We think, in view of the repeated decisions of this court which hold that an order for the examination of a party, because affecting a substantial right, is appealable, that the validity of the order here in question may be assailed upon appeal. It may be that the better practice would have been for the judgment debtor to have waited, and, when the final order was entered punishing her for contempt, then to appeal, when many of the questions sought to be discussed upon the appeal from the present order could be considered.

Upon the merits of the appeal little need be said. The original order for the examination of the judgment debtor was not void; but, even if the irregularities claimed by the appellant existed, these at most would only make it voidable; so that in either event the judgment debtor was obliged to appear, and, if so advised, to move to set aside or vacate the order. Instead, however, she defaulted, and thereupon the order appealed from was made; and we think that with respect to the irregularities suggested, many of which had been waived by her default, or by her failure to make a direct motion to vacate the order, she is not in a position, because too late, now to have them passed upon.

Our conclusion is that the order appealed from should be affirmed, with $10 costs and disbursements. All concur.