Matter of the Examination of FRANK FANCHER, Judgment
  Debtor, in Proceedings Supplementary to Execution Upon
  the Application of RICHARD P. KUTSCHBACH and FRANK
  M. BULLIS, Judgment Creditors.

(County Court, Chenango County, February, 1908.)

Supplementary proceedings — Disobedience to order or subpoena as con-
    tempt — Failure or refusal to appear or answer: Excuses — Ir-
    regular affidavit; Previous order: Punishment.

    Upon a motion to punish a judgment debtor for contempt for
disobedience of an order requiring him to appear in proceedings
supplementary to execution, he may not urge in defense that the
affidavit of one of the attorneys for the judgment creditors, upon
which the order for the examination was granted, was sworn to
before the attorney's law partner and was irregular.

    Where a judgment debtor does not appear and submit to an
examination in proceedings supplementary to execution and all
parties interested treat the proceeding under the order, which was
not served in time, as abandoned, the judgment debtor's dis-
obedience of a second order for his examination based upon an
affidavit of one of the attorneys for the judgment creditors and
sworn to before the attorney's law partner, to which he made no
objection by any affirmative act, constitutes a contempt.

    And where, upon the return day of an order to show cause why
he should not be punished for the contempt, it appears that his
disobedience in failing to appear for examination was by inad-
vertence and that he submitted to an examination, he will be held
guilty of contempt and fined the amount of actual costs sustained
by the judgment creditors and committed to jail until payment,
not exceeding fifteen days.

ON January 10, 1908, the judgment creditors procured
an order from the county judge directing Frank Fancher,
the judgment debtor, to appear and be examined in proceed-
ings supplementary to execution, before a referee, on the 16th
day of January, 1908; and the order and affidavit upon
which it was granted were duly served upon the judgment·
debtor on the 14th day of January, 1908. The order in
question was granted upon the affidavit of Charles A. Fuller,
who states that he was the attorney for the judgment cred-

itors, and was sworn to by Mr. Fuller before Ward N. Truesdell, notary public. This affidavit also recited that a prior order under the judgment in question had been granted by Judge Hicks but that service of such order was not made in proper time for the judgment debtor to appear. The judgment debtor failed to appear and submit to examination, and thereafter the judgment creditors procured an order requiring him to show cause why he should not be punished for contempt for such failure, and, on the return of such order, the judgment debtor appeared in person and by attorney and filed affidavits to the effect that his failure to appear was by inadvertence and also that the notary public before whom the original affidavit was taken was a law partner of Mr. Fuller and hence one of the attorneys for the judgment creditors, and it was claimed that such affidavit was irregular and void and that a proceeding for contempt could not be maintained.

Fuller & Truesdell, for judgment creditors.

Duane L. Atkyns, for judgment debtor.

Stratton, J. Assuming, without deciding, that the affidavit upon which the order requiring the judgment debtor to appear and be examined was irregular, I do not think such irregularity can be urged in defense of the motion to punish for contempt. Such affidavit, at best, was probably not void but only voidable. Baumeister v. Demuth, 84 App. Div. 398. And the judgment debtor, not having taken any affirmative proceeding to vacate or set aside the order, can not now be heard, after he has violated the same, on a mere irregularity.

The decisions on this proposition seem to be plain and to the point and are all in effect that a party cannot safely violate an order of a court or judge and then, after the violation, try to impeach the proceeding because of a defect which does not, of itself, make the proceeding void. See Matter of Hatfield, 17 App. Div. 430; affd., 155 N. Y. 628;

Rupert v. Lee, 101 App. Div. 492; Shults v. Andrews, 54 How. Pr. 378; Wilcox v. Harris, 59 id. 262.

Another objection is made by the judgment debtor that the proceeding for contempt cannot be maintained because there has been no order entered vacating the order granted by Judge Hicks and upon which order no examination was ever had; and upon this proposition the case of Gaylord v. Jones, 7 Hun, 480, is cited. That decision is authority for the proposition that two orders in supplementary proceedings could not be in force at the same time and that the defendant could not be held to obey both orders. It is also authority that, where an order has been granted and thereafter a second order has been granted in the same proceeding, the second order supersedes the first and contempt could not be predicated for violation of the first order, but that a violation of the second order would be sufficient ground for punishment for contempt.

In this proceeding it was apparent that the first order and the proceeding thereunder had been treated as abandoned by the judgment creditors, and by the judgment debtor himself, because it does not appear that he submitted to the direction of the order and that he made any objections to the second order by any affirmative act.

I can find no legal reason for excusing the contempt of the judgment debtor in this proceeding but, inasmuch as he has submitted to an examination and as it appears from the affidavit filed that it was a matter of inadvertence on his part, I do not think he should be punished by a fine any greater than the actual costs sustained by the judgment creditors. From the affidavit submitted by the attorneys for the judgment creditors, it appears that they have expended or become liable to expend fifteen dollars for preparing the original papers and the fees of the referee, and an order should be entered in this proceeding adjudging the judgment debtor in contempt for failing to appear and fining him the sum of fifteen dollars, and that he should be imprisoned in the county jail until such fine is paid, not exceeding fifteen days.

Had the judgment debtor moved in due time to have vacated the order directing him to appear and be examined

for the irregularity in the affidavit, I am inclined to think that such motion must have been granted; but, under the decisions above referred to, I think he cannot urge that in defense of the proceeding to punish for contempt.

Ordered accordingly.