(139 App. Div. 645.)
STEINER v. MUTUAL ALLIANCE TRUST CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   July 7, 1910.)

1. BANKS AND BANKING (§ 315*)—DEPOSITS—APPLICATION TO DEBTS DUE BANK—NOTES OF DEPOSITOR.

In a suit by an assignee for the benefit of creditors to recover money deposited by his assignor with defendant trust company, the undisputed evidence that the assignor had given defendant certain notes, agreeing that, if his financial condition materially changed, they were to become due and payable at the option of defendant, that they were indorsed by a party who subsequently failed, and that then the assignor agreed that, if he failed to secure another indorser, the notes should be charged off, which was then done because of such failure, thereby leaving a balance of $23.67 to his credit, required a directed verdict for the assignee for that amount only, regardless of whether the assignor's financial condition had in reality changed, or whether he had made false representations to defendant regarding the solvency of the indorser of the notes.

[Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 315.*]

2. BILLS AND NOTES (§ 429*)—MAKER OF—PAYMENT BEFORE MATURITY—VALIDITY OF—CONSIDERATION.

Where the maker of certain promissory notes consented that they should be charged off to his account before they were due, that was payment of them, regardless of the consideration for such consent, as a debtor may pay his debt before it is due.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 1247; Dec. Dig. § 429.*]

Appeal from Trial Term, New York County.

Action by Lawrence Steiner against the Mutual Alliance Trust Company of New York. Judgment for plaintiff, and defendant appeals. Reversed, and a new trial granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Eugene G. Kremer, for appellant.
Milton Dammann, for respondent.

MILLER, J.   This is a suit by the assignee of one Louis Berlin to recover from the defendant moneys which it is claimed said Berlin had on deposit with it. In April, 1907, for the purpose of procuring credit with the defendant, said Berlin made a sworn statement of his financial condition, by which it appeared that his net worth was $2,150. He agreed in that statement that, in case of his failure or insolvency, or of any change in his financial condition, materially reducing his ability to pay, any and all claims and demands against him, held by the defendant, should at the defendant's option immediately become due and payable. In July, 1907, he procured the defendant to discount two $500 four months notes, made by him and indorsed by Sol. Littenberg & Son, and on September 19, 1907, he procured the defendant to discount another note for $500 similarly indorsed. On the 20th of September, 1907, the firm of Littenberg & Son failed. On the 4th of October, 1907, Berlin made an assignment for the benefit of his

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

creditors, who realized the sum of $505. When informed of the failure of Littenberg & Son on the 20th of September, the defendant's cashier sent for Berlin and demanded of him that he procure another indorser, informing him that unless he did the defendant would charge to his account the said notes indorsed by Sol. Littenberg & Son. The said cashier, who is not now connected with the defendant, and another employé of the defendant, both testified that said Berlin consented to the notes being charged off if he could not get another indorser. Their testimony is undisputed, and the said Berlin, who was called by the plaintiff, admitted that he undertook to get another indorser, but failed. The defendant did charge the said notes to Berlin's account, with the result that, at the time of the assignment under which the plaintiff claims, Berlin had to his credit only the sum of $23.67.

The defendant moved at the close of the evidence that the court direct a verdict for that sum; but that motion was denied, and two questions were submitted to the jury: (1) Whether Berlin made false representations to the defendant respecting the solvency of the firm of Sol. Littenberg & Son; (2) whether his financial condition materially changed. The undisputed evidence required the direction of a verdict for the plaintiff for the sum of $23.67, irrespective of the questions submitted to the jury. If the maker of the notes consented that they be charged to his account before they were due, that was a payment of them. While it is claimed that there was no consideration for such agreement, we know of no rule of law which prevents a debtor from paying his debt before it is due.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.