### BECKER v. GERLICH.

(Supreme Court, Special Term, New York County. May, 1911.)

1. EXECUTION (§ 418*)—SUPPLEMENTARY PROCEEDINGS—SPECIAL APPEARANCE —MOTIONS.

Where an order to show cause directed that service thereof before May 4th should be sufficient, if the copy served on the judgment debtor provided for service on an earlier date, and a date before that on which the service was made, the order might be vacated by the judgment debtor appearing specially for that purpose; but by appearing generally on the return day, and answering to the merits, he waives any such objection, and so with regard to the objection that the order did not state the facts constituting the contempt.

[Ed. Note.—For other cases, see Execution, Dec. Dig. § 418.*]

2. CONTEMPT (§ 55*)—ATTACHMENT AND NOTICE—STATUTORY PROVISIONS.

Under Judiciary Law (Consol. Laws 1909, c. 30) § 757, the application to punish for contempt can only be brought on by order to show cause or warrant of attachment; and Code Civ. Proc. § 780, and Gen. Rules Prac. rule 37, providing for notice of a motion generally, have no application.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 150–161; Dec. Dig. § 55.*]

3. EXECUTION (§ 417*)—REFUSAL TO TESTIFY—PUNISHMENT.

In a perfectly plain case, where the debtor willfully denies knowledge or recollection of matters concerning which he is properly questioned, and concerning which it is incredible that he has wholly forgotten, the court may punish him as for a civil contempt, not because he has testified falsely in denying such knowledge or recollection, but because he has, in effect, refused to testify at all.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1197–1200; Dec. Dig. § 417.*]

4. EXECUTION (§ 417*)—CONTEMPT—PUNISHMENT—STATUTORY PROVISIONS.

Where a judgment debtor willfully evaded questions, and admitted on his examination that he had purposely refrained from keeping records of his transactions, because he knew they were to be inquired about in supplementary proceedings, and that he had destroyed numerous checks drawn by him since the judgment was rendered, such conduct impaired the remedy of the judgment debtor, and was all that was necessary to be shown, under Judiciary Law (Consol. Laws 1909, c. 30) § 770; and in such case punishment as for a civil contempt is conferred by Judiciary Law, § 753, subd. 8, formerly Code Civ. Proc. § 14, subd. 8.

[Ed. Note.—For other cases, see Execution, Dec. Dig. § 417.*]

5. CONTEMPT (§ 75*)—PUNISHMENT—STATUTORY PROVISIONS.

In contempt proceedings, where the nature of the case does not permit of the proof of actual loss or injury, the fine to be imposed is limited to

$250, and costs and expenses (Judiciary Law [Consol. Laws 1909, c. 30] § 773), and the judgment debtor may be so fined, and ordered to be imprisoned until such fine is paid (Judiciary Law, § 774).

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 258–260; Dec. Dig. § 75.*]

In the matter of supplementary proceedings in the case of Joseph Becker, judgment creditor, against Charles Gerlich, judgment debtor. On motion to punish judgment debtor for contempt. Judgment debtor fined, and ordered imprisoned until the fine is paid.

Bernard H. Arnold, for the motion.
Hiram M. Kirk, opposed.

GIEGERICH, J.  [1] The order to show cause upon which the motion is brought on directs that service thereof on or before the 4th day of May shall be sufficient. If the copy served upon the judgment debtor provided for service on an earlier date, and one before that on which the service was actually made, the fact may have been sufficient to require the vacating of the service upon the application of the judgment debtor appearing specially for that purpose; but by appearing generally on the return day of the order, and answering to the merits, he must be held to have waived any such objection. So, also, with regard to the objection that the order to show cause did not state the acts constituting the contempt. People ex. rel. Barnes v. Court of Sessions, 147 N. Y. 290, 295–296, 41 N. E. 700.

[2] There was no necessity that the order to show cause should be made returnable in less than eight days. The application to punish for contempt can only be brought on by an order to show cause or by a warrant of attachment (Judiciary Law [Consol. Laws 1909, c. 30] § 757), and the provisions of section 780 of the Code of Civil Procedure and rule 37 of the General Rules of Practice have no application to such a case.

Upon the merits of the case, I am of the opinion that the judgment debtor ought to be punished as for a contempt, and that the court has power so to punish him. A referee was appointed to conduct the examination of the debtor in this proceeding, and the latter appeared before him and was examined at length. A reading of the testimony taken upon that examination shows a most audacious, willful, and deliberate attempt to frustrate the purposes of the inquiry and to prevent the ascertainment of any facts, except such as the judgment debtor was entirely willing to impart. Time and again the questions of the attorney for the judgment creditor were met with such answers as "I don't know," "I don't remember," "You might just as well not ask me; it is blurred out of my memory," "All blurred out; don't remember anything." Many of these answers, and many others in which more or less definite answers were given, were transparently false, and the examination cannot be read without the conviction that the judgment debtor was willfully evading the questions by a disclaimer of knowledge or recollection.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It has been decided that false swearing upon an examination in supplementary proceedings is not punishable as a contempt. Bernheimer v. Kelleher, 31 Misc. Rep. 464, 64 N. Y. Supp. 409. But where the judgment debtor, unwilling to testify truly and fearing to give false testimony as to his acts or transactions, resorts to the expedient of denying knowledge or recollection concerning them, thus rendering a prosecution for perjury difficult, if not impossible, it by no means follows that he must be held to be equally beyond the reach of this court. I should be sorry to hold that he was, and so to confess that by a palpable and transparent evasion the fraudulent debtor had put himself safely beyond the reach of the civil process of this court and at the same time for all practical purposes beyond the reach of the criminal law.

[3] On the contrary, I think that in a perfectly plain case, where the debtor willfully denies knowledge or recollection of matters concerning which he is properly questioned, and concerning which it is incredible that he should have wholly forgotten, the court may punish him as for a civil contempt, not because he has testified falsely in denying such knowledge or recollection, but because he has in effect refused to testify at all. A case very similar in the facts charged to constitute the contempt arose recently in the United States District Court for this district in a bankruptcy matter, and was very effectually disposed of by that court. In re Schulman et al., 21 Am. Bankr. Rep. 288, 167 Fed. 237, 238, affirmed 177 Fed. 191, 101 C. C. A. 361. In that case Holt, J., said:

"All efforts to get him to explain what the transactions were in which money was lost, what goods had been returned, and what goods returned were sold at a low figure, entirely failed. To a great many of the questions he replied with the question, 'What do you mean?' and it is apparent that in most of those cases he knew what was meant. Although he testified that he could not read or write English, and although it is true that he did not speak English very well, he could understand it and speak it sufficiently for all practical purposes. Whenever his own counsel asked him questions, he comprehended them well enough. On very numerous occasions his reply was the stock answer of the prevaricator, 'I don't remember,' and the whole examination, from the beginning to the end, is a perfectly transparent case of duplicity, intentional evasion, and refusal to make any explanation of the facts connected with his bankruptcy under the pretense of ignorance and stupidity. The whole attitude of the bankrupt in the entire proceeding is that of a contempt of this court and of its authority, and a deliberate determination to conceal from his creditors all the material facts within his knowledge relating to the affairs of his firm. The bankrupt is adjudged guilty of contempt, and as a punishment for such contempt is ordered to be committed to Ludlow Street Jail for six months."

Upon appeal to the Circuit Court of Appeals (177 Fed. 191, 101 C. C. A. 361) the court used the following language:

"The testimony as it appears in the record evinces a deliberate purpose to conceal the truth and prevent the trustee from becoming possessed of facts which would lead to a recovery of the missing property. The witness was being asked regarding transactions directly within his knowledge and facts which he must have known. When, therefore, he answered repeatedly, 'I don't remember,' it is obvious that he was deliberately withholding information to which the trustee was entitled. In effect, his attitude was one of defiance. He did not affirmatively tell the referee that he refused to disclose the facts which would enable the trustee to follow the property, although

these facts were well known to him; but his conduct produced the same result as if he had stated his purpose openly. * * * Under section 7 of the act it was Schulman's duty to 'submit to an examination concerning the conduct of his business, the cause of his bankruptcy, his dealings with his creditors and other persons, the amount, kind and whereabouts of his property.' He was lawfully summoned to testify, and was interrogated as to all of these subjects. He refused to give the information which he possessed, and sought to evade his duty by pretending ignorance, deceit, and falsehood. We think the action of the District Court was fully justified by the facts and that the order should be affirmed."

The present is a glaring case of willful and premeditated evasion on the part of the judgment debtor, who admitted on his examination that he had purposely refrained from keeping records of his transactions, because he knew they were to be inquired about in this proceeding, and that he had destroyed numerous checks drawn by him since the judgment was recovered. It needs no argument to show that the conduct of the judgment debtor upon his examination was such as to impair and impede the remedy of the judgment creditor. Much less does it require argument to show that such conduct was calculated to produce that result, which is all that is required to be shown. Judiciary Law, § 770.

[4] Nor have I any doubt that the express power to punish as for a civil contempt in such a case has been conferred by the statute. Judiciary Law, § 753, subd. 8, formerly section 14, subd. 8, of the Code; People ex rel. Platt v. Rice, 144 N. Y. 249, 263, 39 N. E. 88.

[5] As the case is one which in its nature does not permit of the proof of actual loss or injury, the fine to be imposed is limited to $250 and costs and expenses (Judiciary Law, § 773), and the judgment debtor will be so fined and ordered to be imprisoned until such fine is paid (Judiciary Law, § 774).

Motion disposed of as indicated. Settle order on notice.