SHORWITZ v. CAMINEZ.

(Supreme Court, Appellate Division, Second Department. October 4, 1912.)

1. EXECUTION (§ 417*)—SUPPLEMENTARY PROCEEDINGS—CONTEMPT.

A judgment debtor in supplementary proceedings, who submits to an examination, but who gives evasive answers, may not be adjudged guilty of contempt, under Code Civ. Proc. § 2457, authorizing punishment for contempt for refusal to obey any direction of the judge in supplementary proceedings, where the judgment creditor made no objection to the answers, and did not request the court to direct the judgment debtor to make more specific answers.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1646–1651; Dec. Dig. § 417.*]

2. EXECUTION (§ 417*)—SUPPLEMENTARY PROCEEDINGS—CONTEMPT.

Where the examination of a judgment debtor in supplementary proceedings showed that some of his answers were evasive, and that the questions not answered related to matters not necessarily within his knowledge, or were immaterial, his conduct was not a civil contempt, punishable under Judiciary Law (Consol. Laws 1909, c. 30) § 753, subd 8, authorizing punishment for contempt where any proceeding to punish for contempt has been usually adopted to enforce a civil remedy.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1646–1651; Dec. Dig. § 417.*]

3. EXECUTION (§ 417*) — SUPPLEMENTARY PROCEEDINGS — CONTEMPT — ACTS CONSTITUTING.

A contempt proceeding must be based on a violation of a clear mandate of the court, and, before a judgment creditor in supplementary proceedings resorts to a proceeding to punish the judgment debtor for contempt, he should indicate his dissatisfaction with the answers of the judgment debtor, and attempt to obtain more specific answers, and he may not apparently acquiesce in the answers, and subsequently make their form the basis of an application for punishment for contempt.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1646–1651; Dec. Dig. § 417.*]

Appeal from Kings County Court.

Supplementary proceedings by Joseph Shorwitz, judgment creditor, against Jacob Caminez, judgment debtor. From an order adjudging the judgment debtor guilty of contempt of court, he appeals. Reversed.

Argued before HIRSCHBERG, BURR, THOMAS, WOODWARD, and RICH, JJ.

Otto A. Samuels and Joseph I. Stahl, both of New York City, for appellant.

Max H. Newman, of Brooklyn, for respondent.

BURR, J. On January 9, 1912, respondent obtained from one of the county judges of Kings county an order requiring appellant to appear in proceedings supplementary to execution and to be examined concerning his property. He appeared in obedience to the order, and the examination was adjourned until the next day, when he was examined at great length. The examination was then adjourned to February 29th, when he was further examined, and so far as he is

concerned the examination was closed, and a motion made for the appointment of a receiver, which motion was granted.

[1] His examination discloses the fact that he was a reluctant witness. Some of his answers were doubtless evasive, although many of the questions, the failure to answer which constituted contempt according to the specific findings of the County Court, did not relate to matters necessarily within his knowledge, and many of them were immaterial. So far as the record discloses, no objection was made to any of the answers given by the judgment debtor, nor any request made to the court to instruct him more specifically to answer the same. We think that the order adjudging him in contempt cannot be sustained.

"A person who refuses, or without sufficient excuse neglects, to obey an order of a judge * * * made pursuant to * * * any * * * provision of this article, [which relates to supplementary proceedings], and duly served upon him, or an oral direction, given directly to him by a judge * * * in the course of the special proceedings * * * may be punished * * * as for a contempt." Code of Civil Procedure, § 2457.

The judgment debtor did not fail to obey the order for his examination, so far as his appearance and submission to such examination were concerned. As we have before pointed out, no oral direction was sought for or obtained from the judge before whom the proceeding was pending. Of necessity, therefore, there was no failure to obey such direction. It follows that no warrant for the order complained of can be here found. Matter of East River Bank v. De Lacy, 37 Misc. Rep. 765, 76 N. Y. Supp. 927. See, also, Burnett v. Phalon, 11 Abb. Prac. 157, 162.

[2] If it be claimed that the conduct of the judgment debtor constituted a civil contempt, punishable under the Judiciary Law (Consol. Laws, c. 30 [Laws of 1909, c. 35] § 753, subd. 8; see Matter of Becker v. Gerlich, 72 Misc. Rep. 159, 129 N. Y. Supp. 614), we do not think that the evidence here discloses such persistent denial of matters palpably within the knowledge of the judgment debtor as would justify the order appealed from.

[3] Before resorting to the drastic remedy of a proceeding to punish for contempt, the judgment creditor should in some manner have indicated his dissatisfaction with the answers given and attempted to obtain more specific statements. He should not be allowed by apparent acquiescence in the form thereof to leave the judgment debtor to suppose that the answers were satisfactory to him, and subsequently make the form of such answers the basis of an application of such a character.

"Contempt proceedings must be based upon the violation of a clear and precise mandate of the court. * * * 'As punishment for contempt involves, or may involve, not only loss of property, but liberty, it is a reasonable requirement that the mandate alleged to be violated should be clearly expressed, and when applied to the act complained of it should appear with reasonable certainty that it had been violated.'" Ziegfeld v. Norworth, 148 App. Div. 185, 133 N. Y. Supp. 208.

The order of the County Court of Kings County should be reversed, with $10 costs and disbursements, and the motion denied. All concur.