SQUIRES v. FITZHUGH SMITH CO. et al. (Supreme Court, Appellate Division, First Department. October 18, 1912.) Action by Lewis Squires against the Fitzhugh Smith Company and others. No opinion. Motion to dismiss appeal (from 133 N. Y. Supp. 916) granted, with $10 costs. Order filed. See, also, 150 App. Div. 924, 135 N. Y. Supp. 1144.

SQUIRES v. SMITH. (Supreme Court, Appellate Term, First Department. October 23, 1912.) Appeal from City Court of New York, Special Term. In the matter of supplementary proceedings by Lewis Squires, judgment cred-

itor, against Fitzhugh Smith, judgment debtor. From an order adjudging the judgment debtor in contempt for evasive answers, he appeals. Reversed. Jere Liebermann, of New York City, for appellant. Richard S. Harvey, of New York City, for respondent.

SEABURY, J. The judgment debtor, a man 77 years old, in failing health and of poor memory, appeals from an order of the City Court adjudging him guilty of contempt for alleged "evasive answers" to questions put to him upon his examination in proceedings supplementary to execution. The order adjudging the judgment debtor in contempt recites: "That on said examination the said judgment debtor willfully refused to make proper answers to material questions propounded to him on said examination and willfully refused to disclose facts within his knowledge as to his financial condition and as to his transfers of stock to one Lizzie Borgers and one Dora Scott and willfully refused to state the consideration upon which said transfers were made." The alleged "evasiveness" consisted in the statement of the judgment debtor that he did not remember certain details of a stock transaction in which he was engaged several years before. While it may be, as was held in Matter of Becker v. Gerlich, 72 Misc. Rep. 157, 129 N. Y. Supp. 614, that the general power of the court which is reserved in subdivision 8 of section 753 of the Judiciary Law (Consol. Laws 1909, c. 30), allows the punishment as for a civil contempt of one who denies knowledge or recollection of matters concerning which it is incredible that he has forgotten, we are satisfied, from a review of the record before us, that this is not such a case. We think that the discretion of the learned court below was not exercised properly in this case, and that the order should be reversed. Order reversed, with $10 costs and disbursements, to be applied on account of the judgment. All concur.