BAUM v. ROSENBERG.

(Supreme Court, Appellate Term, First Department. November 10, 1915.)

EXECUTION ⊕=417—SUPPLEMENTARY PROCEEDINGS—EVASIVE ANSWERS—PUNISHMENT.

 Where though, on an examination in supplementary proceedings not held before a referee, the judgment debtor's answers were decidedly evasive, the examination was several times adjourned and covered a period of several months, and the judgment creditor during such time made no objection to the answers, and did not request the court to instruct the witness to answer, or make his answers more specific, the judgment debtor could not be punished as for contempt after the conclusion of the examination.

 [Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1197–1200; Dec. Dig. ⊕=417.]

Appeal from City Court of New York, Special Term.

Supplementary proceedings by Henry Baum against Max Rosenberg. From an order adjudging him in contempt, fining him $250 and costs, and directing that a commitment issue in case of his failure to pay, the judgment debtor appeals. Reversed.

Argued November term, 1915, before LEHMAN, BIJUR, and FINCH, JJ.

Adolph Waxenbaum, of New York City, for appellant.

Samuel Horowitz, of Brooklyn (Isidore Cohen, of New York City, of counsel), for respondent.

FINCH, J. Plaintiff obtained judgment against defendant in February, 1915, and subsequently obtained and served an order for his examination in supplementary proceedings. Judgment debtor appeared and submitted to the examination, but was decidedly evasive in his answers. His examination was adjourned five times, and covered a period of 3½ months. During all that period it does not appear that any objection was made by the judgment creditor at the examinations to any of the answers given by the judgment debtor, nor was any request made of the judge to instruct the witness to give the information which he was obviously withholding under pretense that he did not remember, and which amounted to a refusal to give such information. It will be noted that the examination was not held before a referee. After the examination had been concluded, plaintiff applied on an order to show cause to have the judgment debtor punished for contempt. From the order granting the motion the judgment debtor appealed.

The order should be reversed, on the authority of Shorwitz v. Caminez, 152 App. Div. 758, 137 N. Y. Supp. 545, and Matter of East River Bank v. De Lacy et al., 37 Misc. Rep. 765, 76 N. Y. Supp. 927.

The case of Becker v. Gerlich, 72 Misc. Rep. 157, 129 N. Y. Supp. 614, is distinguishable, because it appears very clearly in that case, and was clearly stated in the opinion, that:

"A referee was appointed to conduct the examination of the debtor in this proceeding, and the latter appeared before him and was examined at length."

In the case at bar it does not appear in the record that the examination was had in the presence of a judge of the court, and there was certainly no request to instruct the witness to answer, or to make his answers more specific.

For the foregoing reason, the order is reversed, with $10 costs and disbursements. All concur.