In the Matter of the Examination of EDWARD C. CORNBLUM, Third Person, in Proceedings Supplementary to Execution upon the Application of MOODY L. RUPP, Judgment Creditor, under a Judgment Recovered in an Action Entitled "County Court, County of Erie, New York." MOODY L. RUPP, Plaintiff, *v.* GEORGE J. FISCHER, Defendant.

Supreme Court, Erie County, December 24, 1928.

*Lansdowne & Lansdowne* [*Robert J. Lansdowne* of counsel], for the motion.

*Noel E. Coshway,* opposed.

NOONAN, J. This is a motion to punish Edward C. Cornblum, an attorney at law, for contempt of court, under the provisions of the Judiciary Law (§§ 753, 773). The facts are undisputed. On March 23, 1928, said Moody L. Rupp obtained judgment in the Erie County Court against said George J. Fischer for $1,641.48 damages and costs. An execution thereon was issued to the sheriff

of Erie county on September 24, 1928, and on the same day an order was issued by the county judge of Erie county to examine the Harrison Real Estate Corporation and Pinehurst, Inc., third parties, in proceedings supplementary to execution.

Upon the examination on September 26, 1928, it was discovered that Pinehurst, Inc., owed $887.95 to said Fischer under its contract with him, and that amount has been paid to the sheriff and credited upon the Rupp judgment.

It also appeared from this examination and the examination of Fischer, on October 5, 1928, that Fischer and one Clarence R. Guenther had another contract with Pinehurst, Inc., to lay the water pipes in its golf course, for about $8,100, and that Fischer was entitled to one-half of the profits. Pinehurst, Inc., was to receive credit for the cost of the pipe furnished by it, about $2,000, and a building lot at $1,600, leaving over $4,000 to be paid Fischer and Guenther when the work was done.

When Fischer was examined in supplementary proceedings, on October 5, 1928, he was notified that an application for the appointment of a receiver of his property would be made on October 10, 1928. On September 29, 1928, a third party order in supplementary proceedings was granted and served on Cornblum, restraining the judgment debtor, Fischer, and Cornblum from " making or suffering any transfer or other disposition of, or interference with, the property of said judgment debtor," Fischer.

On October 8, 1928, while said restraining order was in full force and effect, with personal knowledge that a motion for the appointment of a receiver of the property of said Fischer was to be made on October 10, 1928, Cornblum prepared for Fischer, the judgment debtor, an agreement by which said Fischer's interest in the contract to lay the water pipes for Pinehurst, Inc., was transferred to his partner, Guenther, for a nominal consideration. The judgment creditor now claims that said transfer was made in violation of said restraining order, and with the intent to defeat, impair, impede or prejudice his remedy in the case, and asks that Cornblum be punished for contempt of court for disobeying said order.

Under the Judiciary Law (§ 753) a " court of record has power to punish, by fine and imprisonment, or either, a neglect or violation of duty, or other misconduct, by which a right or remedy of a party to a civil action or special proceeding, pending in the court may be defeated, impaired, impeded, or prejudiced, in either of the following cases: 1. An attorney, counselor * * * for disobedience to a lawful mandate of the court, or of a judge thereof * * *."

The validity of the order restraining Cornblum has not been

questioned, and it cannot be on a motion to punish him for contempt. The validity of the order must be tested by a motion to set it aside. (*Clark* v. *Bininger*, 75 N. Y. 344; *Erie R. Co.* v. *Ramsey*, 45 id. 637; *People ex rel. Negus* v. *Dwyer*, 90 id. 402; *People ex rel. Day* v. *Bergen*, 53 id. 404.) Neither is there any legitimate excuse offered. Cornblum is a lawyer who ought to know the import of a restraining order. " Any person who interferes with the process or control or action of the court in a pending litigation, unlawfully and without authority, is guilty of a civil contempt if his act defeats, impairs, impedes *or* prejudices the right or remedy of a party to such action or proceeding." (*King* v. *Barnes*, 113 N. Y. 476.)

Clearly the misconduct of Cornblum has " defeated, impaired, impeded, *or* prejudiced" Rupp's remedy because he cannot now reach Fischer's property by an execution, and by reason of such misconduct he is adjudged in contempt of court.

Being in contempt of court, how may Cornblum be punished? The nature of the case is such that the prospective profits of Fischer under said assigned contract cannot be now ascertained, so the punishment is limited to a fine. (*Matter of Becker* v. *Gerlich*, 72 Misc. 157.) The amount of the fine is limited to the costs and expenses of complainant, and not more than $250 in addition thereto (Judiciary Law, § 773; *Matter of Hatfield*, 17 App. Div. 430; affd., 155 N. Y. 628.) For his contempt of court said Edward C. Cornblum is hereby fined $131.50, to be paid to said Moody L. Rupp, or to Lansdowne & Lansdowne, his attorneys, on or before December 31, 1928, and in default of such payment, said Edward C. Cornblum shall be committed to the county jail of Erie county until such fine is fully paid. Let an order be entered accordingly.