GODFREY UPDIKE and Others, as Trustees in Bankruptcy of the Estate of H. L. STRATTON, INC., Bankrupt, Appellants, Respondents, *v.* MANUFACTURERS TRUST COMPANY, Respondent, Appellant.*

First Department, December 7, 1934.

* Affd., 267 N. Y. ——.

*Stewart Maurice,* for the plaintiffs.

*Lester E. Denonn* of counsel [*Leonard G. Bisco* with him on the brief; *Newman & Bisco,* attorneys], for the defendant.

MARTIN, J.  The trustees in bankruptcy of H. L. Stratton, Inc., as plaintiffs herein brought this action to recover the credit balance of the Stratton Company with the defendant, amounting to $10,188.47.  The defendant converted this sum to its own use prior to Stratton's adjudication in bankruptcy, and applied same against an unmatured note of $50,000.  This occurred prior to the amendment of the Debtor and Creditor Law (§ 151, added by Laws of 1927, chap. 697) permitting the setoff of unmatured obligations. The answer admits the application of the Stratton balance, and claims the right to do so under a so-called loan agreement.  All the parties hereto moved for summary judgment which motions were denied by the Special Term.

The plaintiffs sue on three causes of action to set aside the alleged preference resulting from such application — the *first,* under section 60, paragraph b, of the Bankruptcy Act; the *second,* under section 67, paragraph e, of the Bankruptcy Act and section 15 of the New York Stock Corporation Law; and the *third,* under section 70, paragraph a, of the Bankruptcy Act.  The defendant admits the application of the funds but denies the preferential transfer. By way of separate defense, upon facts as outlined in the answering affidavit, defendant alleges that pursuant to its contractual right, as evidenced by a financial statement given by the bankrupt corporation to the defendant prior to the making of the note, it declared the note immediately due and payable.

The defendant contends that the admitted facts should not only defeat the plaintiffs' motion for summary judgment but clearly establish the defendant's right to judgment on its cross-motion. The defendant, therefore, asks that plaintiffs' motion for summary judgment be denied and for a reversal of the order denying its cross-motion for summary judgment.

Eleven days before maturity of the note the defendant bank exercised its right to deem the obligation immediately due and payable because of a material change in the financial condition of its debtor.  As shown by the affidavits, the defendant's officer had been assured that money was coming to the company from

General Motors Corporation to reimburse it for outlays of money used in opening branches at its suggestion and for advertising the " Pontiac " and " Oakland " cars.

The fact that bankruptcy followed within one week thereafter demonstrates that the condition of complete solvency reflected by the financial statement had undergone a radical change for the worse. In consequence of this change in the company's financial status, the defendant, pursuant to the terms of the financial statement, declared the company's note immediately due and payable and applied the bank balance by way of offset.

The facts in this case being undisputed, there remains but a question of law whether the defendant had the right to set off the deposit against the note.

The agreement contains a provision which says that if the borrower fails, becomes insolvent, commits an act of or files a petition in bankruptcy, makes an assignment for the benefit of creditors, fails to notify the bank of any material change, or fails to produce on request any books called for or to permit the examination thereof, or if such a change occurs in the financial condition of the borrower as, in the opinion of the bank, increases its risk, then and in any such event the borrower's obligations to the bank shall at the option of the bank become immediately due and payable, and the bank may apply any property, funds and deposit against all of the borrower's obligations to the bank, *whether such obligation be due or not.*

The right of the bank to apply such a balance prior to the stated maturity of an obligation was upheld in *Wright* v. *Seaboard Steel & Manganese Corp.* (272 Fed. 807). The court there said: " It is claimed that no right of offset existed in the bank until the note matured. This court in *Fifth National Bank of City of New York* v. *Lyttle*, 250 Fed. 361, 162 C. C. A. 431, held that a bank has no lien on the general deposit of a customer for an unmatured indebtedness to it. The doctrine therein announced is clearly supported by the authorities. There can be no doubt that as a general rule a bank has no right to apply a deposit to a debt of the depositor until such debt matures. * * *

" But the facts in the *Lyttle* case are plainly distinguishable from the facts in the case now before the court. In the *Lyttle* case the notes contained no express agreement for the acceleration of the maturity of obligations in the event of insolvency, or on the occurrence of anything evidencing insolvency. In the case now before us for determination such an express agreement was made. Whether the court can recognize this difference in the facts, and give effect to the agreement the parties made, is the question which must be determined."

In *Hatch* v. *National Bank* (147 N. Y. 184, 192) the court construed a similar agreement. It was there said: " He made the deposit under an existing specific contract by which Mills, Robeson & Smith consented and agreed that the bank might at any time apply it upon the existing liability. When it did so on the 17th of the month it acted with the written consent and authority of the firm, as completely effectual and operative as if the debtors on that day had personally directed the application to be made. The contract was a continuing direction, a daily consent, an agreed permission. The loan was a call loan, payment of which could be demanded on any day, and the option to make that demand and apply the credit balance was a part of the written agreement, and an essential and material stipulation of the contract of loan. I think the application of the deposit account upon the debt, resting upon that continuing consent, had the same effect as if Mills, Robeson & Smith, without an assignment, had personally on that day directed the application, and so paid the debt. As against them and as against their assignee the application was in all respects lawful and effectual."

In the case of *Kolkman* v. *Manufacturers' Trust Co.* (27 F. [2d] 659, at p. 662) the subject here under consideration was before the court. The right to apply a deposit was upheld. The court said: " There was, however, constituting part of the balance from which the check was paid, the sum of $3,517.13, carried over from December 9th, and not shown to have been deposited with any intent to prefer the bank. To this extent the bank would concededly have had the privilege of set-off, provided the bankrupt's notes had been due. See *Studley* v. *Boylston Bank*, 229 U. S. 523, 527, 33 S. Ct. 806, 57 L. Ed. 1313. Cf. *Fifth Nat. Bank* v. *Lyttle*, 250 F. 361, 366 (C. C. A. 2). It is argued by the bank that the notes were due because of a provision in Defendant's Exhibit B, an agreement which purported to accelerate the maturity of all indebtedness owing to the bank without notice or demand in case the debtor became insolvent. The plaintiff disputes the applicability of this agreement to the notes in question, and contends that in any event such an agreement would be void, as contravening the policy of section 15 and the principle which condemns secret liens, as exemplified in *Benedict* v. *Ratner*, 268 U. S. 353, 45 S. Ct. 566, 69 L. Ed. 991, and *Matter of Hoey & Co.*, 19 F. [2d] 764 (C. C. A. 2)."

It has been held that a financial statement, such as that given by the bankrupt in this case, is a special contract between borrower and bank and its provision for offset is not merely incidental to a statement of affairs, but vital to the terms, conditions and the consideration for loans and renewals thereof made by the bank. (*Reif*

v. *Chatham Phenix National Bank & Trust Co.*, 241 App. Div. 660; *Edwards* v. *Sterling National Bank & Trust Co.*, 5 F. Supp. 925; *Steiner* v. *Mutual Alliance Trust Co.*, 139 App. Div. 645.)

In *Frank* v. *Mercantile National Bank* (182 N. Y. 264) the court reviewed the question of the applicability of the decisions of the Federal courts and the Bankruptcy Law, and said: " The argument is that as unmatured claims against the bankrupt are provable against his estate, they necessarily are the subject of set-off under the provisions of section 68.▌ We th'nk that this position is well taken, but we shall refrain from entering into any discussion of the question, as the proposition seemed to be settled by decisions of the Federal courts. The uniform current of authority in the District and Circuit Courts of the United States is to that effect and the law is so stated in the text books on bankruptcy.　＊　＊　＊

" As the Bankrupt Law operates through the whole country, the construction to be given to it must necessarily be uniform throughout all the States, not varying with the local law. Therefore, in construing it we should be governed by the law of set-off as it prevails in the Federal courts and not in our own. In the light of the decisions quoted, as well as under the terms of the Bankrupt Law, we conclude that the defendant had the right to set off the notes which it held against the bankrupt, even though these notes had not matured at the time of the insolvency."

When parties enter into a contract providing for the application of a deposit under certain circumstances and the contract is not affected by any element of fraud, they are within their rights in enforcing its provisions. Frequently the money on deposit is the proceeds of the note, and the bank in such a case is protecting itself and is in effect applying its own money.

The order denying plaintiffs' motion for summary judgment should be affirmed, and the order denying defendant's cross-motion should be reversed, with twenty dollars costs and disbursements to the defendant, and the said motion granted.

FINCH, P. J., MERRELL, O'MALLEY and UNTERMYER, JJ., concur.

Order denying plaintiffs' motion for summary judgment affirmed. Order denying defendant's cross-motion reversed, with twenty dollars costs and disbursements to the defendant, and the motion granted.