BEVERWYCK BREWERIES, INC., Judgment Creditor, Petitioner, *v.* HENRY ADELSBERG, Also Known as HENRY O. ADELSBERG, Judgment Debtor; NATIONAL SAFETY BANK AND TRUST COMPANY, Third Party, Respondent.

City Court of New York, Special Term, Bronx County, July 10, 1936.

*Joseph Jay Goldsmith,* for the motion.
*Frederick Katz,* opposed.

DONNELLY, J. The judgment creditor duly obtained a judgment against the judgment debtor for $166.79 on February 25, 1936. There remains a balance due on said judgment of $136.79.

On May 21, 1936, the judgment creditor served upon National Safety Bank and Trust Company a third party subpœna which contains a provision restraining the bank from transferring, paying over or otherwise disposing of the assets or credits of the judgment debtor. The bank admits that when it was served with the subpœna the judgment debtor had a balance to his credit with it of $50.85. After it was served with the subpœna the bank transferred to itself the sum of $50 from the account of the judgment debtor.

The only question arising on this motion is, did the bank render itself liable for a contempt of court by its disobedience of the restraining clause in the third party subpœna served upon it pursuant to section 781 of the Civil Practice Act? Disobey it did, and its determination to ignore the restraint contained in the subpœna is not to be excused upon the plea that it had no other way of protecting its property rights. The bank's contempt is not simply technical. Its position is, that it and it alone had the right to determine that the circumstances were such that it was compelled to refuse obedience of the mandate in the subpœna, or suffer a summary deprivation of its property. This attitude is untenable. The bank was not without its remedy. It could and should have adopted the orderly procedure of testing its right to dispose of the debtor's deposit by moving to vacate the subpœna served upon it. But the bank elected to act upon its own initiative. Apparently it felt that its right to transfer the debtor's deposit to itself in spite of the restraint in the subpœna was established by its mere assertion of a claim to the deposit superior to the rights of the judgment creditor. It does not strengthen its position by saying that its statement could subsequently be shown to be a fact beyond dispute. Judicial process is not to be suffered to be treated thus cavalierly.

At the time the bank was served with the subpœna, it held the note of the judgment debtor in the sum of fifty dollars. This note is dated May 11, 1936, and it was due within one month thereafter. The note contains numerous provisions, among others one that, if a judgment is recovered against the judgment debtor, or if there be issued by any court or officer an order in supplementary proceedings affecting him or against his property, the note shall forthwith and without notice be due. On or about August 5, 1935, the judgment debtor signed and delivered to the bank a financial statement which, among other things, provided: " In consideration of granting any credit by said bank to the undersigned, it is agreed that

\* \* \* in the event of the failure, insolvency or bankruptcy \* \* \* of the undersigned \* \* \* any and all obligations of the undersigned to the said bank, whether direct or contingent, shall, at its option, become due and payable without demand or notice, and said bank shall have the right immediately to off-set the balance standing to the credit of the account of the undersigned against any indebtedness or liability of the undersigned to the said bank, whether due or not yet due and whether direct or contingent. The words ' failure,' ' insolvency ' or ' bankruptcy,' as herein used, shall include the appointment of a receiver \* \* \* the entry of judgment against the undersigned." In said financial statement the judgment debtor also gave the bank a continuing lien upon the balance outstanding to its credit.

At the time of the service of the subpœna herein the bank held the unmatured note of the judgment debtor. According to the bank's manager, whatever lien the bank claimed came into effect only after the bank was served with the subpœna. It was only when the subpœna was served upon the bank that it chose to exercise the option conferred upon it in the judgment debtor's financial statement, of declaring due the judgment debtor's indebtedness as evidenced by his note.

In the brief submitted on behalf of the third party herein its counsel quotes from *Matter of Delaney* (256 N. Y. 315, 321) as follows: " Moreover, all rights of property, if their recognition is resisted on substantial grounds (*Kenney v. South Shore N. G. & F. Co.*, 201 N. Y. 89), must be determined by action and may not be enforced summarily." At bar, no attempt is made to hold that the judgment creditor by this right can summarily enforce its claim. *Wright v. Seaboard Steel & Manganese Corp.* (272 Fed. 807), also cited by counsel for the third party, is merely another illustration of the court's refusal summarily to enforce a claim made by a receiver that a bank turn over to him a certain account alleged to be the defendant's property. In the case just cited the right of the bank, in circumstances somewhat similar to those in the instant case, to accelerate the due date of certain notes was upheld on the return of the order sought by the receiver, and after a hearing. At bar the third party simply assumed the right to declare the judgment debtor's note due without judicial hearing or determination, although the door was open to it to test the question in an orderly way.

There is no doubt that provisions in financial statements and in notes that, upon the happening of certain events, the obligations of the depositor shall become due, have been upheld so as to permit the bank to apply the depositor's balance to the payment of such

obligations. (*Steiner* v. *Mutual Alliance Trust Co.*, 139 App. Div. 645; *Samuel* v. *Public Nat. Bank & Trust Co.*, 151 Misc. 200; *Updike* v. *Manufacturers Trust Co.*, 243 App. Div. 15; affd., 267 N. Y. 528; *Edwards* v. *Sterling Nat. Bank & Trust Co.*, 5 F. Supp. 925.) But we are not dealing with that question here. All that is before this court on the pending motion is, did the bank have the right to treat the restraining clause in the subpœna served upon it as utterly void? In all the cases in which the bank's right to accelerate the due date of its depositor's obligations to it was the issue, the question was determined in actions, by trial, and not summarily. At bar, the validity of the third party subpœna has not been questioned. The validity of the subpœna should have been tested by motion to set it aside. (*Matter of Cornblum*, 133 Misc. 357, and cases cited.)

Motion granted, with ten dollars costs; the third party is fined the sum of fifty dollars, payable forthwith upon the service of a copy of the order to be entered hereon.

Submit order.