Vincent F. Nabo, J.
Plaintiff maintained a joint checking account with her husband at the defendant bank. She also maintained two savings accounts -at the same bank. On October 20, 1971, plaintiff drew a check on her checking account in the sum of $1,350 and cashed same. As a result of this payment and other checks paid by the defendant, there was an overdraft of $1,332.38 in plaintiff’s checking account. The defendant bank thereupon applied the moneys totaling $1,350 in the plaintiff’s savings accounts to the checking account and notice thereof was given to the plaintiff.
This action was brought by the depositor against the bank for conversion of the moneys in the savings accounts. The defendant interposed a general denial and an affirmative defense which sets forth that the moneys were applied to an indebtedness due and owing from plaintiff to the defendant. The defendant makes this application to dismiss the complaint.
The court finds from the case law that the defendant bank was justified in setting off the overdraft in plaintiff’s checking account by crediting the said checking account with moneys on deposit in savings accounts in this bank in the name of the plaintiff herein.
It is well settled that when there is a deposit in a bank in a general as distinguished from a special account, the bank is at liberty, at will, absent any agreement to the contrary, to apply the money on deposit upon the indebtedness then due the bank from the depositor. (Straus v. Tradesmen’s Nat. Bank of New York, 122 N. Y. 379, 382; Updike v. Manufacturers Trust Co., 243 App. Div. 15, affd. 267 N. Y. 528.) The right of setoff of a deposit, as against a matured obligation, is based upon the principle that recovery should be had only for the balance due upon mutual accounts. (Jefferson County Nat. Bank v. Dusckas, 166 Misc. 720.) To the same effect see Jordan v. National Shoe & Leather Bank of City of New York (74 N. Y. *625 467, 474; Matter of Dimon, 32 N. Y. S. 2d 239; 5 N. Y. Jur., Banks and Trust Companies, § 413, p. 469).
Plaintiff’s contention that the overdrawn account was a joint checking account is not pertinent. As a matter of fact the joint checking.account benefited from this transaction since it was credited with additional moneys.
Plaintiff further contends that one of the savings accounts was in trust for an infant. ¡Section 239 of the Banking Law provides for the opening of this kind of an account which is referred to generally as a Totten trust. There are numerous decisions which set forth the rights of the beneficiary in this kind of an account. In the case of Matter of McCabe (176 Misc. 286) the court succinctly set forth such rights as follows: In order that tentative rights of a beneficiary in a ¡savings bank account deposited in trust for the beneficiary may be transformed into a present vested right, the gift must be completed during the depositor’s lifetime either by acts sufficient to constitute a valid ikter vivos gift or to effect creation of a present trust and such acts must be unequivocal.
The plaintiff has failed to submit any evidence indicating that the account vested in the infant, and the court concludes that the plaintiff has complete control of the account.
Motion to dismiss plaintiff’s complaint is granted, without costs.